Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8349
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
MARK JOHNSON

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHNSON<br><br>                Plaintiff,<br><br>v.<br><br>CESAR BIGGERI HOSPITALITY, INC d/b/a BIGGERI +UNIVERSE.; and DOES 1 through 10 inclusive,<br>                Defendants. | Case No. 2:22-cv-09869-FLA-PVC<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>**Filed and Served Concurrently:**<br><br>  1. [Proposed] Order for Judgment<br><br>  2. Declaration of Mathew K. Higbee<br><br>Judge:     Hon. Aenlle-Rocha<br>Courtroom:  6B<br>Hearing Date: March 10, 2023<br>              1:30 p.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 10, 2023 at 1:30 A.M., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Fernando L. Aenlle-Rocha of the above-titled court, located at 350 West First Street, Los Angeles, CA 90012, Plaintiff Mark Johnson ("Plaintiff") will move for an Order for Entry of Default Judgment against Defendant Cesar Biggeri Hospitality Inc. d/b/a Biggeri+Universe ("Defendant"), pursuant to Federal Rules of Civil Procedure 55(b)(2). Defendant has been properly served with the Complaint and is aware of this action, but has not appeared.

Plaintiff requests the following relief:

1. A permanent injunction, pursuant to 17 U.S.C. §502, restricting Defendant and its agents, servants, employees, attorneys, successors, licensees, partners, assigns, and all those acting directly or indirectly in concert or participation with any of them, from infringing, by any means and inducing copyright infringement by any means of the exclusive rights of Plaintiff and its affiliates, under the Copyright Act, including but not limited to direct copyright infringement, inducement to infringe copyrights, contributory copyright infringement, and vicarious copyright infringement.

2. An award to Plaintiff in the sum of $17,500, constituting (a) statutory damages provided by the Copyright Act, 17 U.S.C. § 504, for the infringements alleged in the Complaint, totaling $17,500; (b) attorneys' fees totaling $4,080; (c) costs of suit totaling $747; and (d) post-judgment interest at .70% per annum pursuant to 28 U.S.C. § 1961.

This Motion is brought on the grounds that entry of default judgment is appropriate in this case because: (1) Plaintiff has satisfied the procedural requirements of Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1, (2) Plaintiff would suffer prejudice if default judgment is not entered because it would be denied the right to judicial resolution of its claims, (3) the Complaint sets for prima facie claims showing that Defendant is liable for copyright infringement, (4) Plaintiff seeks $17,500 in statutory damages under the Copyright Act, which constitutes a reasonable award in light of Defendant's willful and brazen infringement, (5) there is no possibility of dispute regarding the material facts of the case, and (6) Defendant's default did not result from excusable neglect, because inter alia, Defendant had adequate and ample notice of lawsuit and its obligation to defend itself.

Notice of this Motion was served on Defendant by mailing a copy to its

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

registered agent. Declaration of Matthew K. Higbee ("Higbee Decl.") ¶ 17.

Defendant is not a minor or incompetent person or in military service or otherwise exempted under the Servicemembers Civil Relief Act of 1940. Higbee Decl. ¶¶ 15-16.

This Motion is based on this Notice of Motion and Motion for Default Judgment, the attached memorandum of points and authorities, the declaration of Mathew K. Higbee in support, and the pleadings, files and other materials that are on file with the Court or may be presented at the hearing.

Dated: January 31, 2023                    Respectfully submitted,

                                           **/s/ Mathew K. Higbee**
                                           Mathew K. Higbee, Esq.
                                           Cal. Bar No. 311668
                                           **HIGBEE & ASSOCIATES**
                                           1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705-5418
                                           (714) 617-8373
                                           (714) 597-6559 facsimile
                                           *Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a copyright infringement lawsuit arising from Defendant Cesar Biggeri Hospitality Inc d/b/a Biggeri+Universe ("Defendant") unauthorized use of a photograph owned by Plaintiff Mark Johnson ("Plaintiff").

Plaintiff is a professional photographer who specializes in outdoor on-location photography – primarily waves and coast scenes, travel, sports, and nature photography. *See* Complaint ¶¶9.

Plaintiff is the owner and exclusive rights holder to a photograph of the City of Los Angeles, taken behind the Hollywood Sign (the "Hollywood Image"). Complaint ¶¶10; Higbee Decl ¶¶5-6; Exhibit A.

Defendant runs and operates the Biggeri+Universe LinkedIn page https://www.linkedin.com/company/biggeri-universe/ ("Defendant's LinkedIn"). Complaint ¶13; Higbee Decl. ¶4.

On or about August 12, 2019, Plaintiff discovered the Hollywood Image being used on Defendant's Linkedin as the banner photograph for the Defendant's official business Linkedin ("Infringing Post"). Complaint ¶¶15-16, Exhibit B.

Plaintiff did not have record of the Hollywood Image being licensed to Defendant nor had Plaintiff granted permission for Defendant to make a copy or publically display the Hollywood Image on Defendant's Linkedin with the Infringing Post. Complaint ¶17.

On June 6, 2022, Plaintiff filed a Complaint alleging Copyright Infringement against Defendant. *See* Dkt. #1. On or about September 1, 2022, Plaintiff filed a Request for a 30 day Extension of Time to Serve the Defendant. *See* Dkt. #12. On September 2, 2022, the Court granted Plaintiff's extension request. *See* Dkt. #13. On or about September 7, 2022, Defendant was served with the Complaint through its registered agent, and an executed proof of service was filed with the Court thereafter. *See* Dkt. #14. On November 1, 2022, Plaintiff requested that the Clerk

enter default against Defendant for failure to respond to the complaint. *See* Dkt. #15. On November 2, 2022, the Clerk entered Default against Defendant for failure to respond to the Complaint. *See* Dkt #16.

As of the date of this Motion, Defendant has not moved to set aside the default or otherwise appeared in this action despite having notice of the lawsuit and clerk's entry of default. Higbee Decl. ¶17.

## II.   PLAINTIFF IS ENTITLED TO ITS REQUESTED RELIEF

In addition to the applicable procedural requirements, a court's decision to grant default judgment is guided by a list of seven factors known as the *Eitel* factors. *See Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986); *see also Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1071-1073 (C.D. Cal. 2004) (granting default judgment based on *Eitel* factors). While the decision to grant a default judgment is left to the discretion of the Court, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Tele Video Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987). While a plaintiff must "prove up" damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entm't Group Inc. v. Bryant,* No. CV 03-6381GAF (JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004).

Plaintiff has satisfied the procedural requirements of the Federal and Local Rules, and the *Eitel* factors weigh in favor of entering default judgment.

### A.   The Procedural Requirements For Default Judgment Are Satisfied

The requirements of Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1 plainly have been met. On September 9, 2022, Plaintiff served the summons and Complaint on Defendant's registered agent. *See* Dkt. #14. On November 2,

---

3

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

2022, the Clerk entered Defendant's default as to the Complaint. Dkt. #16; *see* L.R. 55-1(a), (b). Defendant is not an infant or an incompetent person. Higbee Decl. ¶ 15; *see* L.R. 55-(c). The Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply. Higbee Decl. ¶ 16*; See* L.R. 55-1(d). Plaintiff timely notified Defendant of this Motion for Default Judgment. Higbee Decl. ¶17.

**B.    The Allegations of the Complaint, Taken as True, Establish Defendant's Liability for Copyright Infringement**

As noted, after the entry of default, the factual allegations of the complaint are taken as true. *Heidenthal,* 826 F.2d at 917-18.

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The second element requires a plaintiff to allege that "the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

To satisfy the first element to allege ownership of a valid copyright, the Complaint states that Plaintiff took the original Hollywood Image, that Plaintiff has ownership and copyright of the Hollywood Image, and that the Hollywood Image was registered with the Copyright Office. *See* Complaint ¶¶ 11-12, Exhibit A.

To satisfy the second element, Plaintiff alleges that Defendant used the Hollywood Image as the banner photograph on Defendant's LinkedIn; that Plaintiff did not have a record of Defendant purchasing a license; and that Defendant's "use of the Hollywood Image was deliberate and willful." Plaintiff also attached a copy of both the original Hollywood Image and the Hollywood Image reproduced by Defendant on Defendant's Linkedin, which appear nearly identical. *See* Complaint ¶¶ 15-21, Exhibits A-B; *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423-24 (9th Cir. 1987) ("Absent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying.")

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

Thus, Plaintiff's Complaint pleads facts sufficient, as a matter of law, to establish that Defendant is liable for willful copyright infringement.

### C. The *Eitel* Factors Warrant Entry of Default Judgment

As previously discussed, a court's decision to grant default judgment is guided by seven factors. *See Eitel,* 782 F.2d at 1471-1472.

*(1) Possibility of Prejudice:* The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Eitel,* 782 F.2d at 1471-72. Prejudice exists where, absent entry of a default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See Elektra Entm't Group Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005); *Bryant,* 2004 WL 783123, at *3. Without a default judgment, Plaintiff would be deprived of the right to judicial resolution of its claims for copyright infringement, and Defendant will have profited from its willful infringement.

*(2) Merits of Claim and (3) Sufficiency of Complaint:* The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). As set forth above, Plaintiff has sufficiently stated its claim for relief.

*(4) Amount at Stake* Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. For each work infringed, the Copyright Act permits the copyright owner to recover statutory damages in an amount between $750 and $30,000. 17 U.S.C. § 504(c)(1). And, where the infringement was willful, the award rises to $150,000 per infringement. 17 U.S.C. § 504(c)(2). As the prevailing party, Plaintiff also is entitled to its reasonable attorneys' fees. 17 U.S.C. § 505; *see Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (plaintiff securing default judgment is "prevailing party"). As a result of Defendant's unlawful conduct, Plaintiff prayed for injunctive relief, statutory damages, and reasonable attorneys' fees and costs.

Because Defendant's conduct was willful (as discussed in more detail *infra* at Section III (B)), Plaintiff is entitled to seek up to $150,000 per work infringed, but has instead requested the substantially lower amount of $17,500 commensurate with the Plaintiff's licensing history. *See* Higbee Decl. ¶¶18-23. In addition, courts have consistently held that a statutory damages award utilize a multiplier of the amount that the plaintiff would have received in licensing fees is appropriate under § 504(c). *See Michael Grecco Productions, Inc. v. WrapMarket, LLC*, 2017 WL 10434020, at *5 (C.D. Cal., 2017)

Thus, the requested damages are manifestly reasonable.

*(5) Possibility of Dispute Regarding Material Facts:* The fifth *Eitel* factor requires the Court to consider the possibility of a dispute as to a material fact. *Eitel,* 782 F.2d at 1471-72. As a threshold matter, there is no possible dispute concerning the material facts because the factual allegations of Plaintiff's Complaint are taken as true. *Marcelos v. Dominguez,* No. C 08-00056 WHA, 2009 WL 230033, at *4 (N.D. Cal. Jan. 29, 2009). In any event, the facts alleged in the Complaint are straightforward, confirmed by Plaintiff's investigation and the screenshots attached to the Complaint, and are not subject to reasonable dispute.

*(6) Possibility of Excusable Neglect:* Under the sixth *Eitel* factor, the Court considers whether Defendant's default resulted from excusable neglect. *Eitel,* 782 F.2d at 1471-72. Defendant failed to answer or file a responsive pleading despite notice of this action and the infringing conduct. *See* Higbee Decl. ¶¶ 17. Defendant's conduct is not excusable, because it was served with process, yet never made any attempt to file a responsive pleading. *Ibid*; *see Meadows v. Dom. Rep.,* 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer."); *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (when properly served with complaint and notice of entry of default defendant's default not attributable to excusable neglect). Therefore,

Defendant had notice of this lawsuit and the entry of default.

***(7) Policy for Deciding Case on the Merits:*** The final *Eitel* factor considers the preference for deciding cases on the merits. *Eitel* 782 F.2d at 1471-72. "However, this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Caridi,* 346 F. Supp. 2d at 1073. Here, the only reason this lawsuit cannot proceed to the merits is because Defendant, after notice of these proceedings, failed to appear and defend this action.

In sum, the balance of *Eitel* factors weigh in Plaintiff's favor, and the Court should grant this motion and enter default judgment against Defendant.

## III.    PLAINTIFF'S REQUESTED RELIEF IS APPROPRIATE

### A.    Plaintiff is Entitled to a Permanent Injunction

Plaintiff seeks permanent injunctive relief under 17 U.S.C. § 502(a). For a court to grant a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 55 U.S. 7, 20 (2008). A presumption of irreparable harm in copyright cases is no longer applicable. *Id.* at 1000.

Here, Plaintiff has shown actual success on the merits through default. Plaintiff is likely to suffer irreparable harm as Plaintiff suffers diminished market value of his image and loss of licensing fees as a result of Defendant's infringement.  Furthermore, the public interest is not unduly burdened. Therefore, Plaintiff is entitled to permanent injunctive relief.

### B.    Plaintiff is Entitled to an Award of Statutory Damages

Section 504(c)(1) of the Copyright Act provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements

involved in the action, with respect to any one work ... in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If, as here, the infringement is willful, the award may be increased to $150,000 for each work infringed. 17 U.S.C. § 504(c)(2).

"Under the current Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available." 4 *Nimmer,* § 14.04[A], at 14-66; *see also Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.,* 259 F.3d 1186, 1194 (9th Cir. 2001), ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits."); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement").

Willfulness is indisputable because the Complaint's pleaded allegation of willfulness is conclusively deemed true upon default. *See Rodgers v. Anderson,* 2005 WL 950021, *3 (S.D.N.Y. Apr. 26, 2005) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be willful infringers."); *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (since plaintiff "alleged (and, by virtue of the entry of default, proved) willful infringement by [defendant], [plaintiff] is entitled to received [sic] enhanced statutory damages in an amount not to exceed $150,000" per infringement).

Plaintiff seeks a statutory damages award of $17,500 commensurate with its past licensing history as well as the fact that the infringement by Defendant is willful. Higbee Decl. ¶¶ 18-23, Exhibits B-C. This amount is reasonable and well

---

8

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

within the range set forth in the copyright statute. *See* 17 U.S.C. § 504(c)(2)(willful infringement qualifies for a statutory award up to $150,000).

### C.    Plaintiff is Entitled to Reasonable Fees and Costs

As the "prevailing party," Plaintiff is entitled to an award of attorneys' fees and "full costs." 17 U.S.C. § 505; *see Streeter,* 438 F. Supp. 2d at 1074 (plaintiff securing default judgment is "prevailing party"). Plaintiff is entitled to an award of attorneys' fees in the amount of $4,080. *See* Higbee Decl. ¶¶ 24-25. Plaintiff also seeks costs of $747. *See* Higbee Decl. ¶ 26.

## IV.    CONCLUSION

For all of the reasons set forth above, Plaintiff Mark Johnson, respectfully requests that it be awarded a total of $22,327, comprising of $17,500 in statutory damages, $4,080 in attorneys' fees, $747 in costs, post-judgment interest at .70% per annum, and that Defendant be permanently enjoined from further infringing conduct.

Dated: January 31, 2023

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the within action.

On January 31, 2023, I served the foregoing documents, **NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, DECLARATION OF MATHEW K. HIGBEE, and [PROPOSED] DEFAULT JUDGMENT** on Defendant Cesar Biggeri Hospitality, Inc as follows:

(BY MAIL) I deposited an envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon, fully prepaid, and addressed to the person below:

Cesar Biggeri
3666 Loadstone Dr
Sherman Oaks, CA 91403

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 31, 2023 at Santa Ana, California.

Dated: January 31, 2023                    Respectfully submitted,

                                           **/s/Diana Ramirez**
                                           **HIGBEE & ASSOCIATES**
                                           1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705-5418
                                           (714) 617-8350
                                           (714) 597-6729 fascimile

---